IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Cleary, : CIVIL ACTION
    Plaintiff :
:
V. :
:
Kenneth Kyler, Superintendent : 1: CV 00-2125
William S. Ward, Unit Manager :
Howard Imschweiler, Mail Room Supervisor : FILED
State Corrections Institution at Camphill : SCRANTON
2500 Lisburn Rd, Box 200, Camphill, Pa. 17001 :
    Defendants : NO.
DEC 7 2000

PER ____ DEPUTY CLERK

## I. COMPLAINT

This is a § 1983 action filed by John Clearly, a state prisoner, alleging violations of his Constitutional rights by the below named defendants who have acted under the color of state law. Defendants are being sued individually and in his official capacities. Plaintiff seeks monetary awards compensatory and punitive damages, and declaratory judgement in excess of the courts jurisdiction amount, as prescribed by law.

## II. JURISDICTION

This action is autorized by 42 U.S.C. § 1983 to address deprevations under the color of state law, rights secured by the Constitution of the United States. This courts jurisdiction is invoked pursuant to 28 U.S.C. § 1343 and relief requested is authorized by 28 U.S.C. §§ 2201, 2202.

## III. PLAINTIFF

1). Plaintiff, John Clearly, is a United States citizen and ersident of the Commonwealth of Pennsylvania, and is currently incarcerated at State Correctional Institution at Pittsburgh (Pittsburgh) under court imposed sentence.

## IV. DEFENDANTS

2). Kenneth Kyler, is and was at all times relevant to this action, superintendent at S.C.I. Camp Hill. As superintendent, he is legally responsible for all officers, employees, and inmates at all times mentioned in this complaint.

3). William Ward, is and was at all times relevant to this action, Unit Manager, which holds a rank equivalent to a corrections officer IV (Captain), of the Special Management Unit (S.M.U.) at Camp Hill. As Unit Manager, he is leagally responsible for all officers, employees, and inmates in the S.M.U. at all times mentioned in this complaint.

4). Howard Imschweiler, is and was at all times relevant to this action, Mail Room supervisor and employee at Camp Hill. As Mail Room supervisor, he is legally responsible for the inspection and distribution of all inmates mail to the various housing units at all times mentioned in this complaint.

## V. FACTS

5). On October 10, 1997, Plaintiff was transfered to the S.M.U. at Camp Hill from S.C.I. Cresson.

6). On July 7, 1999, Plaintiff was sent to the Mental Health (M.H.U.) at Graterford for a Psychological evaluation.

7). Between October 10, 1997 until July 7, 1999, Plaintiff was housed in the S.M.U. at Camp Hill during that span of time.

8). On August 27, 1999, Plaintiff returned to Camp Hill from the M.H.U. at Graterford, after the mental health evaluation was completed by the Graterford Doctors.

9). On August 30, 1999, Plaintiff was transferred to the M.H.U. at Frackville for further psychological evaluation.

10). On September 29, 1999, Plaintiff was transfered from the M.H.U. at Frackville to the Forensic Treatment Center (F.T.C.) at Waymart for psychological treatment.

11). Plaintiff was at the F.T.C. at Waymart from September 29, 1999, until December, 27, 1999.

12). On November 12, 1999, Plaintiff received an envelope containing notes of deposition and a trial scheduling order, for a civil action 96-4805 from his attorney Christopher J. Culleton, Esq.

13) THIS PACKAGE WAS FROM THE PLAINTIFF S ATTORNEY APPOINTED FOR CIVIL ACTION NO 96 4805 CHRISTOPHER J CULLETON ESQUIRE WHO IS EMPLOYED BY THE LAW OFFICES OF DECHERT PRICE AND RHOADS..

14) THIS PACKAGE WAS CLEARLY MARKED "LEGAL" AND THE PLAINTIFF S NAME AND INSTITUTIONAL IDENTIFICATION NUMBER WAS CLEARLY TYPED ON THE ATTORNEY S PACKAGE LABEL AND SENT TO CAMPHILL WHERE THE PLAINTIFF WAS HOUSED ON DECEMBER 5 1997

15) THIS PACKAGE WAS POSTMARKED BY THE UNITED STATES POSTAL SERVICE ON DECEMBER 5 1997

16) THE PLAINTIFF DID NOT RECIEVE THIS PACKAGE FOR 23 MONTHS AFTER THE POSTMARK

17) DEFENDANT IMSCHWEILER INTENTIONALLY AND MALICIOSLY WITHHELD THIS CLEARLY MARKED "LEGAL" CORRESPONDANCE FROM THE PLAINTIFF FOR 23 MONTHS VIOLATING THE PLAINTIFF S RIGHT TO DUE PROCESS EQUAL PROTECTION OF LAW AND ADEQUATE ACCESS TO THE COURTS WITH THE ACQUISCENCE OF DEFENDANTS KYLER AND WARD

18) THIS CAUSED THE PLAINTFF TO BE UNPREPARED FOR HIS TRIAL AND HIS CASE WAS LOST AS A DIRECT CAUSE OF DEFENDANT IMSCHWEILER WITHHOLDING THE PLAINTIFF S LEGAL MAIL FOR 23 MONTHS

19) CORRECTIONS OFFICER (C.O.) JOHN DOE NO.1 ,WHO IS EMPLOYED AT WAYMART ,,HAD DELIVERED THIS LEGAL PACKAGE TO THE PLAINTIFF ON NOVEMBER 12,,1999,23 MONTHS AFTER THE POSTMARKON THE PACKAGE,WHILE THE PLAINTIFF WAS HOUSED ON UNIT G1B AT WAYMART.

20) THE PLAINTIFF IMMEDIATLY SHOWED THE DECEMBER 5,1997 POSTMARK TO C.O. JOHN DOE NO.1 AT THE TIME OF DELIVERY.

21) C.O. JOHN DOE NO. 1 EXCLAIMED,"THEY HELD YOUR MAIL FOR ALMOST 2 YEARS,I DON'T BELIEVE IT !"

22) DEFENDANTS IMSCHWEILER KYLER AND WARD DENIED THE PLAINTIFF ADEQUATE ACCESS TO THE COURTS BY WITHHOLDING HIS LEGAL MAIL FOR 23 MONTHS THEREFORE VIOLATING THE PLAINTIFF'S RIGHT TO DUE PROCESS AND EQUAL PROTECTI OF THE LAW.

23) ON NOVEMBER 15, 1999, THE PLAINTIFF RECIEVED A LETTER FROM A FRIEND THAT WAS POSTMARKED AUGUST 12,1998..

24) THIS LETTER WAS CLEARLY WRITTEN WITH THE PLAINTIFF'S FULL NAME ,AND IDENTIFICATION NUMBER, AND THE CORRECT ADDRESS OF CAMPHILL ON THE FRONT AND THE RETURN ADDRESS ON THE UPPER LEFT HAND CORNER

25) THE PLAINTIFF WAS HOUSED AT CAMPHILL ON AUGUST 12,1998 UNTIL JULY 7,1999..

26) C.O. JOHN DOE NO.2, WHO IS AN EMPLOYEE AT WAYMART HANDED THIS LETTER TO THE PLAINTIFF ON NOVEMBER 15,1999, 15 MONTHS AFTER THE POSTMARK ON THE ENVELOPE.

27) THE PLAINTIFF IMMEDIATLY SHOWED THE POSTMARK TO C.O. JOHN DOE NO.2

28) DEFENDANTS IMSCHWEILER, KYLER, AND WARD INTENTIONALLY AND MALICIOUSLY WITHHELD THIS CLEARLY IDENTIFIED LETTER FROM THE PLAI:TIFF FOR 15 MONTHS, WITH THE ACQUIESCENCE OF DEFENDANTS KYLER, AND WARD.

29) DEFENDANTS IMSCHWEILER, KYLER, AND WARD DENIED THE PLAINTIFF COMMUNICATION WITH FAMILY, AND FRIENDS, WITHOUT ANY COMPELLING EVIDENCE OF A VIOLATION OF ANY PRISON CORRESPONDANCE POLICIES, OR ANY JUSTIFICATION FOR THE DELAY IN DELIVERY OF THE LETTER.

30) THIS CAUSED THE PLAINTIFF STRESS, AND DEPRESSION, AND MADE THE PLAINTIFF BELIEVE THAT HIS FAMILY, AND FRIENDS HAD ABANDONED HIM, AND CONTRIBUTED TO HIS BEING COMMITTED IN A STATE MENTAL HOSPITAL TO BE TREATED FOR DEPRESSION.

31) DEFENDANTS IMSCHWEILER, KYLER, AND WARD VIOLATED THE PLAINTIFF' RIGHT TO BE FREE FROM CRUEL, AND UNUSUAL PUNISHMENT BY WITHHOLDING THE PLAINTIFF'S MAIL FOR 15 MONTHS WITHOUT JUSTIFICATION.

32) ON NOVEMBER 16,1999, THE PLAINTIFF RECIEVED TWO SEPARATE ENVELOPES FROM TWO DIFFERENT RELIGIOUS BOOK PUBLISHERS, CONTAINING RELIGIOUS BOOKS.

33) THE FIRST ENVELOPE WAS FROM THE HOUSE OF YAHWEH IN ABILENE, TEXAS, AND WAS POSTMARKED ON JUNE 4, 1998, AND ADRESSED TO THE PLAINTIFF AT CAMPHILL, AND THE SECOND ENVELOPE WAS FROM YAHWEH'S NEW COVENENT ASSEMBLY IN KINGDOM CITY, MISSOURI, AND ALSO ADDRESSED TO THE PLAINTIFF AT CAMPHILL.

34) C.O. JOHN DOE NO.2, WHO IS AN EMPLOYEE AT WAYMART, HANDED BOTH OF THESE ENVELOPES TO THE PLAINTIFF ON NOVEMBER 16, 1999.

35) THE PLAINTIFF IMMEDIATLY SHOWED C.O. JOHN DOE NO. 2 THE POSTMARKS ON BOTH OF THESE ENVELOPES HE JUST DELIVERED, AND C.O. JOHN DOE NO. 2 EXCLAIMED,"YOU MUST NOT HAVE GOTTEN ANY MAIL WHILE YOU WERE IN THE S.M.U. AT CAMPHILL".

36) BOTH OF THESE ENVELOPES WERE CLEARLY IDENTIFIED WITH THE PLAINTIFF'S CORRECT NAME, AND IDENTIFICATION NUMBER, AND ADDRESSED TO THE PLAINTIFF AT CAMPHILL, AND STAMPED "RELIGIOUS MATERIAL-DIRECT FROM THE PUBLISHER".

37) THE PLAINTIFF WAS HOUSED IN THE S.M.U. AT CAMPHILL ON JUNE 4,199 AND ALSO ON NOVEMBER 30, 1998, AND SEVERAL MONTHS AFTER THAT ALSO.

38) DEFENDANTS IMSCHWEILER, KYLER, AND WARD INTENTIONALLY, AND MALICIOUSLY WITHHELD THE FIRST ENVELOPE OF RELIGIOUS BOOKS FOR 17 MONTHS, AND INTENTIONALLY, AND MALICIOUSLY WITHHELD THE SECOND ENVELOPE OF RELIGIOUS BOOKS FROM THE PLAINTIFF FOR 11 AND ONE HALF MONTHS.

39) THIS CAUSED THE PLAINTIFF TO BE UNABLE TO STUDY, AND INCREASE HIS KNOWLEDGE AND FAITH IN HIS RELIGIOUS BELIEFS, AND PRACTICES.

40) DEFENDANTS IMSCHWEILER, KYLER, AND WARD VIOLATED THE PLAINTIFF'S RIGHT TO RELIGIOUS FREEDOM, BY CENSURING HIS RELIGIOUS MAIL, AND WITHHOLDING HIS RELIGIOUS BOOKS FOR 17 MONTHS, AND 11 AND ONE HALF MONTH RESPECTIVLY, AFTER THE DATE OF THE POSTMARKS.

41) ON NOVEMBER 23,1999, THE PLAINTIFF RECIEVED A PACKAGE CONTAINING RELIGIOUS BOOKS, DIRECT FROM THE PUBLISHER.

42) THIS PACKAGE OF RELIGIOUS BOOKS WAS FROM HIZMET RELIGIOUS BOOKS INC, IN SADDLEBROOK, NEW JERSEY, AND WAS POSTMARKED ON NOVEMBER 20, 1998.

43) C.O. JOHN DOE NO. 2, WHO IS AN EMPLOYEE AT WAYMART, HANDED

THIS PACKAGE TO THE PLAINTIFF ON NOVEMBER 23, 1999, 12 MONTHS AFTER THE POSTMARK ON THE ENVELOPE.

44.) THE PLAINTIFF IMMEDIATLY SHOWED THE POSTMARK TO C.O. JOHN DOE NO. 2.

45.) DEFENDANTS IMSCHWEILER, KYLER, AND WARD INTENTIONALLY AND MALICIOUSLY WITHHELD THIS CLEARLY IDENTIFIED PACKAGE OF RELIGIOUS BOOKS FROM THE PLAINTIFF FOR 12 MONTHS.

46.) THIS CAUSED THE PLAINTIFF TO BE UNABLE TO STUDY AND INCREASE HIS KNOWLEDGE AND FAITH IN HIS RELIGIOUS BELIEFS, AND PRACTICES.

47.) BY WITHHOLDING THE PLAINTIFF S BOOKS, DEFENDANTS IMSCHWEILER, KYLER AND WARD VIOLATED THE PLAINTIFF S RIGHT TO RELIGIOUS FREEDOM, BY CENSURINGHIS RELIGIOUS MAIL FOR 12MONTHS.

48.) BY THEIR ACTIONS, AS DESCRIBED IN THIS COMPLAINT, THE DEFENDANTS IMSCHWEILER, KYLER AND WARD VIOLATED THE PLAINTIFF S FIRST, FOURTH, EIGHTH, AND FOURTEENTH RIGHTS GUARENTEED BY THE UNITED STATES CONSTITUTION.

## VI. FIRST CAUSE OF ACTION

49.) THE ACTIONS OF DEFENDANTS IMSCHWEILER, KYLER,AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTIFF'S CLEARLY IDENTIFIED LEGAL MAIL FOR 23 MONTHS, CONSTITUTED DENIAL OF MEANINGFUL ACCESS TO THE COURTS, DUE PROCESS OF THE LAW, AND EQUAL PROTECTION OF THE LAW, IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## VII. SECOND CAUSE OF ACTION

50.) THE ACTIONS OF DEFENDANTS IMSCHWEILER, KYLER, AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTIFF'S CLEARLY IDENTIFIED LEGAL MAIL FOR 23 MONTHS, CONSTITUTED AN ILLEGAL SEIZURE OF THE PLAINTIFF'S LEGAL MAIL, IN VIOLATION OF THE FOURTH AMENDMENT OF

THE UNITED STATES CONSTITUTION.

### VIII. THIRD CAUSE OF ACTION

51.) THE ACTIONS OF DEFENDANTS IMSCHWEILER, KYLER, AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTIFF'S RELIGIOUS MAIL FOR OVER ONE YEAR, CONSTITUTED A DENIAL OF THE PLAINTIFF'S RIGHT TO FREE EXERCISE OF HIS RELIGIOUS BELIEFS, IN VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

### IX. FOURTH CAUSE OF ACTION

52.) THE ACTIONS OF DEFENDANTS IMSCHWEILER, KYLER, AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTFF'S RELIGIOUS MAIL FOR OVER ONE YEAR, CONSTITUTES AN ILLEGAL SEIZURE OF THE PLAINTFF'S RELIGIOUS BOOKS, IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITION.

### X. FIFTH CAUSE OF ACTION

53.) THE ACTIONS OF DEFENDANTS IMSCHWEIELR, KYLER, AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTIFF'S INCOMING MAIL FROM HIS FAMILY AND FRIENDS FOR OVER 15 MONTHS, CONSTITUTED A DENIAL OF DUE PROCESS, IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

### XI. SIXTH CAUSE OF ACTION

54.) THE ACTIONS OF DEFENDANTS IMSCHWEILER, KYLER, AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTIFF'S INCOMING MAIL FROM HIS FAMILY AND FRIENDS FOR OVER 15 MONTHS, CONSTITUTED AN ILLEGAL SEIZURE OF THE PLAINTIFF'S INCOMING MAIL, IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

### XII. SEVENTH CAUSE OF ACTION

55.) THE ACTIONS OF DEFENDANTS IMSCHWEILER, KYLER, AND WARD IN INTENTIONALLY AND MALICIOUSLY WITHHOLDING THE PLAINTIFF'S INCOMING MAIL FOR OVER 15 MONTHS, CONSTITUTED CREUL AND UNUSUAL PUNISHMENT, IN VIOLATION

OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

## XII. RELIEF SOUGHT

56.) THE PLAINTIFF SEEKS DECLARATORY, COMPENSATORY, AND PUNITIVE DAMAGES, AND MONETARY AWARDS FOR DAMAGES FROM ALL THE NAMED DEFENDANTS, INDIVIDUALLY AND COLLECTIVLY, IN THIER INDIVIDUAL, AND OFFICIAL CAPACITIES, IN EXCESS OF THIS COURT'S JURISDICTION AMOUNT, FOR THIER VIOLATION OF THE PLAINTIFF'S RIGHT TO ADEQUATE AND MEANINGFUL ACCESS TO THE COURTS, DUE PROCESS OF LAW, EQUAL PROTECTION UNDER THE LAW, ILLEGAL SEIZURE, CRUEL AND UNUSUAL PUNISHMENT, AND FREE EXERCISE OF HIS RELIGIOUS BELIEFS. WHEREAS THE PLAINTIFF ASKS THAT THIS COURT FIND THAT THE DEFENDANTS, BY THIER ACTIONS, AS DESCRIBED IN THIS COMPLAINT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, VIOLATED THE PLAINTIFF'S RIGHTS SECURED BY THE FIRST, FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

57.) THE PLAINTIFF SEEKS THE FOLLOWING RELIEF:

a) DECLARATORY JUDGEMENT, STATING THAT THE DEFENDANT'S ACTIONS, AS DESCRIBED IN THIS COMPLAINT, VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS:

b) COMPENSATORY AWARDS, AGAINST ALL NAMED DEFENDANTS, INDIVIDUALLY AND COLLECTIVLY, IN EXCESS TO THIS COURT'S JURISDICTION AMOUNT, FOR THIER VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

c) PUNITVE MONETARY AWARDS, AGAINST ALL NAMED DEFENDANTS, INDIVIDUALLY, AND COLLECTIVLY, IN EXCESS TO THIS COURT'S JURISDICTION AMOUNT, FOR THIER PATTERN OF VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, WITHHOLDING INTENTIONALLY, AND MALICIOUSLY THE PLAINTIFF'S LEGAL, RELIGIOUS, AND PERSONAL INCOMING MAIL.

d) THE PLAINTIFF ALSO SEEKS ANY AWARD THAT THIS COURT DEEMS ADEQUATE, EQUITABLE, AND JUST.

RESPECTFULLY SUBMITTED,



JOHN CLEARY

## VERIFIED STATEMENT

I, JOHN CLEARY, HEREBY DECLARE, DEPOSE, AND SAY PURSUANT TO 18 U.S.C. 100001, THAT ALL THE FOREGOING FACTS AND STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF. I FURTHER STATE THAT THIS ACTION IS NOT DILATORY, AND THAT I BELIEVE THAT I AM, ACCORDING TO LAW, ENTITLED TO THE RELIEF REQUESTED IN THIS COMPLAINT.

DATE: 11/25/00

JOHN CLEARY

PLAINTIFF

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DF5779**
(Inmate Number)

**John Cleary**
(Name of Plaintiff)

**Box 99901**
(Address of Plaintiff)

**Pittsburgh, Pa. 15233**

vs.

**Kenneth Kyler**
**William S. Ward**
**Howard Imschweiler**
(Names of Defendants)

**1: CV 00-212**
(Case Number)

COMPLAINT

FILED
SCRANTON

DEC 7 2000

PER _____
DEPUTY CLERK

TO BE FILED UNDER: _X_ 42 U.S.C. § 1983 - STATE OFFICIALS
                   ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

  A. If you have filed any other lawsuits in federal court while a prisoner please list the capti[on] and case number including year, as well as the name of the judicial officer to whom it w[as] assigned:
  
  **Cleary v. Smith; et.al. 96-4805 (1996)**
  **Edmond v. Ludwig (S.J.)**

II. Exhaustion of Administrative Remedies

  A. Is there a grievance procedure available at your institution?
     _X_ Yes  ___ No
  
  B. Have you filed a grievance concerning the facts relating to this complaint?
     _X_ Yes  ___ No
     
     If your answer is no, explain why not _____
  
  C. Is the grievance process completed? _X_ Yes  ___ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names positions and places of employment of any additional defendants.)

A. Defendant **Kenneth Kyler** is employed as **Superintendent** at **Camphill**

B. Additional defendants **Williard S. Ward, Unit Mgr - S.M.U. - Camphill.**
**Howard Imschweiler - Mail room supervisor - Camphill.**

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. **SEE ATTACHED COMPLAINT.**

2. 

3.

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. _SEE ATTACHED (XII.)_

2.

3.

Signed this __25__ day of __November__, 20_00_

_J.Cleary_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__11/25/00__
(Date)

_J.Cleary_
(Signature of Plaintiff)

RECEIVED
SCRANTON

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. §DEC 1 2000

COVER SHEET

MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

****************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

****************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. _____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. ✗

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**