IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Cleary, Plaintiff

v.

Kenneth Kyler, et. al.,
Defendants

CIVIL ACTION No. 1:CV-00-212
(Judge Caldwell)

FILED
HARRISBURG, PA

APR 25 2001

MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

## Plaintiff's Brief in Objection to Defendant's motion to dismiss.

The Plaintiff, pro se prisoner John Cleary, does hereby move in this court pursuant Fed. R. Civ. P, to dismiss the Defendant's motion to dismiss the plaintiffs' complaint, for the reasons, set forth in foregoing Brief in objection to Defendant's motion to dismiss.

WHEREFORE, the plaintiff respectfully requests that the defendant's motion is dismissed WITH prejudice.

Respectfully Submitted,

x _____

John Cleary #DF5779
Po Box 99901
Pittsburgh, Pa 15233

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Cleary, Plaintiff

       v

Kenneth Kyler, ET. AL,
        Defendants

: CIVIL ACTION NO. CV:-00-2125
:     (Judge Caldwell)

## Plaintiff's Brief in Objection to Defendant's Motion to dismiss.

1. Statement of the case:

    This is a civil rights action initiated by John Cleary (Plaintiff), a prisoner currently confined at state Corrections Institution at Pittsburgh (SCI-Pittsburgh) and formerly confined at the special Management Unit (S.M.U) at (S.C.I. Camphill). the defendants include former Superintendent Kenneth Kyler, former S.M.U. unit manager William S. Ward, and former mail room supervisor, Howard Imschweiler.

    In his Complaint, the plaintiff states that he was housed in the S.M.U. at Camphill between October 10, 1997, until July 7, 1999 (complaint at ¶7). The plaintiff was also confined for a brief period in the Mental Health Unit (M.H.U) at Graterford between July 7, 1999 and returned to SCI-Camphill on August 27, 1999 (complaint at ¶8)

The plaintiff was transfered to the M.H.U. at Frackville on August 30, 1999 (complaint at ¶9). The plaintiff was then transfered to the Forensic Treatment Center (F.T.C.) Waymart on September 29, 1999 (complaint ¶10) The plaintiff was treated at F.T.C. Waymart from September 29, 1999, until December 27, 1999 (complaint at ¶11).

The plaintiff states that the defendants intentionally and maliciously withheld legal mail, religious mail containing religious books, and a personal letter from a friend, Five pieces of mail Known to the plaintiff at the time of this complaint, illegally withheld by the defendants (complaint at ¶¶12-42).

The plaintiff states that the legal mail was postmarked December 5, 1997, and recieved on November 12, 1999 (¶¶12-15; complaint) (see plaintiff's exhibit #001 attached).

The plaintiff states that the personal letter was postmarked August 12, 1998, and recieved on November 15, 1999 (Complaint at ¶ (see plaintiff's exhibit #002 attached).

The plaintiff states that the two religious packages containing religious books; First, from House of Yahweh, was postmarked June 4, 1998, the Second, from Yahweh's New Covenent Assembly, was postma November 30, 1998, and was recieved on November 16, 1999 (Complaint at ¶33) (see plaintiff's exhibits #003 and 004 attached

The plaintiff states that the religious books from Hizmet Religious Books Inc was postmarked November 20, 1998, and recieved on November 23, 1999 (complaint at ¶¶41-42) See plaintiff' exhibit #005 attached)

The plaintiff filed an official grievance (DC-804 #CAM-0260-00, on April 13, 2000, to S.C.I.-Camphill. (see plaintiff exhibit #006 attached)

The plaintiff recieved an initial response to this grievance supra, on June 29, 2000. (see plaintiff exhibit #00

The Plaintiff filed an appeal to defendant Kyler of the initial response on June 29, 2000 (see plaintiffs' exhibit #008 attached).

The plaintiff recieved a response to his appeal to defendant Kyler, which was answered by Martin L. Dragovich, the instant super, intendent at S.C.I. Camphill on July 14, 2000 See Plaintiff's exhibit #009 attached)

The plaintiff filed an appeal to the Cheif Hearing Examiner of the Department of Corrections (D.O.C.) on July 14, 2000 (See plaintiff's exhibit #010 attached).

The plaintiff recieved a response to his appeal of final decision to the chief hearing examiner, Robert S. Bitner on August 20, 2000. (see plaintiff's exhibit #011 attached).

The plaintiff initiated this action on December 7, 2000.

II. Statement of issues presented

1. SHOULD THE PLAINTIFFS COMPLAINT BE DISSMISSED IN PA UNDER APPLICABLE TWO-YEAR STATUE OF LIMITATIONS?

suggested answer: NO.

2. SHOULD THE PLAINTIFF'S ACCESS TO THE COURT CLA[IM]
BE DISMISSED, SINCE HE STATES THAT HE HAD COUR[T]
APPOINTED COUNSEL?

Suggested Answer: NO

3. SHOULD THE PLAINTIFF'S CLAIM OF CRUEL AND UNC[RUEL]
PUNISHMENT BE DENIED, SINCE THE WITHHELD MAIL[?]
DIVERSE IN NATURE (LEGAL, RELIGIOUS, AND PERSONAL) AND [?]
CONTINUOUS (FROM DECEMBER 5, 1999, AND NOVEMBER 3[?]

Suggested Answer: NO

4 SHOULD THE PLAINTIFF'S RELIGIOUS FREEDOM CLAIM [?]
DISMISSED, SINCE HE STATES THAT THE DEFEND[?]
WITHHOLDING OF SAID RELIGIOUS MAIL CAUSED THE
PLAINTIFF TO BE ABLE TO STUDY, AND INCREASE [?]
KNOWLEDGE, AND FAITH IN HIS RELIGIOUS BELIEFS, [?]
PRACTICES?

Suggested Answer: NO

III. Argument.

1. When evaluating a motion to dismiss, the court [?]
accept all material as true (allegations of the complaint) and con[?]
all inferences in light most favorable to the plaintiff. Sch[?]
Rhoades, 416 U.S. 232, 236 (1974).

2. In Commonwealth ex rel. Lindsley V. Robinson, 30 Pa cmwlth, 96, 372 A.2d. 1258 (1977), this court did recognize that prison officials do have a duty not to interfere with those constitutional rights - that a prisoner possesses.

A.    STATUTE OF LIMITATIONS

3 The plaintiff demonstrates by documented record of the D.O.C. defendant's have withheld legal, privileged, a non-privileged mail, violating his constitutional rights

4. The policy (DC-ADM 803) and procedure, IV Definitio at M. (Privileged Correspondance) I. (Facility Mail Distribution System) V. (Policy) and VI. (Procedures), at B. Privileged Correspondance which states:

7. Mail addressed to an inmate that is identified as privileged correspondance shall only be opened and inspected for contraband in the presence of the inmate except as prov for in Section VI (D) (2), (ie. Section D. Security)

Therefore, defendants, knowingly, intentionally, maliciously, and willingly withheld legal and non-legal mail, not only violating plaintiff's constitutional rights, also violating department policy and procedure. Defendants, clearly and continuously deprived plaintiff of a Federal and state constitutional right, from October 1997

until December of 1999, and plaintiff had no knowledge of the actions of the defendants until the delivery of the mail was executed in November 1999.

## B. ACCESS TO THE COURTS

The Supreme Court of the United States has held that

Prison officials must, "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law" Gluth v. Kangas 773 F.Supp. 1309, 1311 (D. Arz. 1988)(untrained inmate and/or inmate legal assistance did not provide adequate access) aff'd, 95 F2d. 1504 (9th Cir 1991)

1. Sixth and First Amendments (U.S.C.) complete denial of the means to prepare a defense or unjustified interference with the preparation, is unconstitutional. Mann v. Smith, 796, 83-84 (5th Cir 1996) (access to court appointed defense lawyers who refused to persue a civil rights claim did not satisfy the court access requirement).

2. Communication with Attorneys, Courts and Public officials:

The United States Supreme Court states;

"Regulations and practices that unjustifiably obstruct the availibility of professional representation are invalid." Prisoners are entitled to unobstructed and confidential communication with courts and with attorneys and their assistants. This right is NOT limited to those already represented by an attorney, but extends equally to prisoners seeking any form of legal advice or assistance Ex parte Hull, 312 U.S. 546, 549, 61 S.Ct. 640 (1941). (Striking down regulation permitting prison officials to screen prisoner's submissions to court.)

### C. Cruel and Unusual Punishment

Plaintiff avers the following in reference to each individual defendant by action, inaction, and name;

1. Kenneth Kyler (superintendent);

An unreasonable risk in a supervisory liability case will be shown by evidence that such harm has in fact occured on numerous occassions.

2. William S. Ward (S.M.U. Unit Manager)

This record will support a finding that the chain of command, remedies provided by the Department of Corrections

were alone insufficient to meet the requirements of policy, procedure, and access to court claims.

3. Howard Imschweiler, (mail/room supervisor);

Briefly, the record shows that an official charged with the responsibility of hearing a prisoner's complaint of mail, access, and redress to court refer complaints to the Unit Manager (in this case William S. Ward) and to the Superintendent (in this case Kenneth Kyler) or designee to maintain a file on such complaints to make sure they recieve attention.

## D. Religious Freedom

The United States Supreme Court states;

To be protected by the Free exercise clause, belief must meet two requirements: they must be religious, and they must be sincerly held. Africa v. Commonwealth of Pennsylvania, 662 F2d 1025, 1032 (3rd cir 1981) cert den, 456 U.S. 908 (1982); see also Alabama and Coushatta Tribes v. Big Sandy Sch. Dist, 817 F.S. 1319, 1329 (E.D.Tex. 1993) "whenever a belief system encompasses fundamental questions of the nature of reality and relations of human beings to reality, it deals with essentially religious questions."

Duties and Constitutional deprivation of:

Each defendant has a duty to comply with the United States' and Pennsylvania's constitution.

1. If a prison official know that, given his/or her job description or role he/or she has assumed in the administration of the prison, a problem will not likely be resolved unless he/or she addresses it or refers it to others, it is far more likely that the requisite attitude will be present.

2. The record supports the determination that each defendant, in conspiracy, actors within character of a scheme to harm the plaintiff has effected the harm, and in the face of well established law in the United States (and the state of Pennsylvania), and continues to show deliberate indifference to the plaintiff's predicament.

3. When an official authorizes constitutionally inadequate procedures, the official's liability is not negated by a showing that he/or she did not intend to deprive the plaintiff of any constitutional right or law (common law, practice and procedure included)

4. Any state-of-mind requirements of the access to courts claim is satisfied when and if the official (as the defendants have) authorizes a system with the intention that it will operate to deprive persons of liberty, life, or property, whether or not he/or she intends the deprivation to be with or without due process of law.

5. Evidence of the record demonstrates that the administrative process was required by the due process clause in a case of this kind. Although plaintiffs' complaint did not recieve meaningful consideration and was in fact, ignored by the relevant defendants, government officials.

6. Similarly, deliberate indifference to a known risk supports by evidence, that the supervisory officials, (defendants) failed to respond appropriatly in the face of an awareness of a pattern of such injuries. The defendants were aware of such incidents.

7. As in the instant case, there are situations in which the risk of constitutionally cognizable harm is so great and so obvious that the risk and the failure of the existence of an unreasonable risk, and of indifference to it, are, can, and will be outweighed, as in the instant case, in an established pattern of constitutional injuries it become particularly important for a trial court or jury finding for the defendants to explain the basis for it's interference in the plaintiff's favor, on all of the issues.

8. Once an official (government or public employee)

denies and/or deprives a constitutionally protected right, under the "Color of law", the cloak of immunity breaks down (partial and qualified) and he/and or she becomes liable to an action of law, preferably 42 U.S.C. §1983 et. seq.

a) The relevant law is and was clearly and firmly established at all times during defendants actions;

b) Judgement for plaintiff on the merits because of the factual disputes; and

c) Because the officials (defendants) response to the plaintiff's claims were highly unreasonable, henceforth, motion to dismiss/summary judgement should be denied. Richardson v. Knight, 521 U.S 399 (1977).

Public interest is best served when all persons (including prisoners) enjoy unimpaired access to courts; Bounds v. Smith, 430 US.17(

with the pleadings and petitioner compliance of defendants request for discovery, the plaintiff avers ¶7, supra, according plaintiff has in his litigation stated a cognizable claim cause of action, relief, and remedy.

Wherefore, plaintiff moves for a denial of defendants motion to dismiss/summary judgment, and motion for trial (ie relief/remedy of relief, settlement)

DATE: 4/20/01

SIGNED: John Cleary DF5779



**DP&R**

**Dechert Price & Rhoads**

4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania
19103-2793

Mr. John Cleary
DF 5779 \
~~SCI, WAYMART~~
PO BOX 256, TR6
WAYMART, PA
18472-0256

PERSONAL AND CONFIDENTIAL — ATTORNEY-CLIENT
PRIVILEGE



PHILADELPHIA
DEC 05'91
PA.
PB METER
7152418    $3.00    U.S. POSTAGE

Plaintiff's Exhibit

# 001

J. Nelson
3233 Philip St.
Scranton Pa 18344

WAL-MART
# 5

John Cleary PF 5779 EB7
E. 013 nB202
Campbell, Pa 17201

17001/0200




Plaintiff's Exhibit

* 002

Waymart #869

RELIGIOUS MATERIAL
DIRECT FROM PUBLISHER

LIBRARY RATE

THE HOUSE OF YAHWEH
The Pillar and Ground of the Truth, 1 Timothy 3:15
P.O. Box 2498
Abilene, TX 79604

800                    A1

TO:

J CLEARY    #DF5779

FORWARD TO:
SCI, WAYMART
PO BOX 256, TR6
WAYMART, PA
18472-0256

Plaintiff's Exhibit
# 003

GB2

RELIGIOUS MATERIAL
DIRECT FROM PUBLISHER

Yahweh's ... Covenant Assembly
Kingdom City, MO 65262

Walmart

#904

J. Cleary · DFS779

FORWARD TO:
SCI, WAYMART
PO BOX 256, TR6
WAYMART, PA
18472-0256

INSPECTED BY MS

GB2

**FIRST CLASS MAIL**

Plaintiff's Exhibit
* 004



U.S. POSTAGE
NOV 30 98



**From: Hizmet Religious Books, Inc.**
P.O.Box 916    Saddle Brook, NJ 07663

This Package contains Religious Books.

To: S. Cleary #DF5779

FORWARD TO:
SCI, WAYMART
PO BOX 256, TR6
WAYMART, PA
18472-0256

Religious Books. # 1,7,8,9

1001-0200

BOOK RATE

Plaintiff's Exhibit

# 005

DC-804
PART 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

OFFICIAL INMATE GRIEVANCE

GRIEVANCE NO. _Timely_ (CAm-0260-00

TO: GRIEVANCE COORDINATOR _Ben Livingood_   INSTITUTION _S.C.I. Camp Hill_   DATE _4/13/00_

FROM: (Commitment Name & Number) _John Cleary DF5779_   INMATE'S SIGNATURE _X_

WORK ASSIGNMENT _BJK_   QUARTERS ASSIGNMENT _B1 B1019_

INSTRUCTIONS:
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

While at F.T.C. Waymart, I had recieved 1 pkg of legal mail, postdated 12/5/97. 3 pkgs of religious books postdated 6/4/98, 8/20/98, and 11/23/98, and a personal letter, postdated 8/14/98. I recieved this mail in November 1999 and December 1999, after a transfer petition was submitted for me to Pittsburgh. Camphill had intentionally withheld my ~~legal,~~ ~~religious and~~ personal mail for a time span of one to two years, and deprived me access to the courts, access to information vital to my religious beliefs + practices, and denied me correspondance with my immediate family members by not delivering my mail to me in a timely manner.

B. Actions taken and staff you have contacted before submitting this grievance:

I wrote a letter to Kenneth Kyler, Superintendent at Camphill and have recieved no response.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____   Plaintiff's Exhibit   11/17/00
Signature of Grievance Coordinator           Date
                          # 006

DC-804
Part II, A

RECEIVED
SUPT. SCIC

APR 2 0 2000

Referred _____

ATTACHMENT #4

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

**PIT**

CAM 0260-00

**Official Inmate Grievance - Review by Grievance Officer**
Complaint File Number Assigned by Grievance Officer

| To:    Number DF 5779 | Name JOHN CLEARY | Quarters Assignment | Date 04/13/00 |
|---|---|---|---|

This complaint has been reviewed. Below is a summary of my review and/or investigation and recommendations.    Objections may be filed
with the Superintendent within five (5) days.

**B1-B 1018**

CLEARLY, IT SHOULD NOT HAVE TAKEN AS LONG FOR THE MAIL YOU REFERENCED TO
REACH YOU.  WE APOLOGIZE FOR ANY INCONVENIENCE THIS MAY HAVE CAUSED.

THE SITUATION HAS BEEN REVIEWED AND ALL INMATE MAIL THAT COULD BE
DELIVERED HAS BEEN DELIVERED.  YOUR PARTICULAR SITUATION WAS COMPOUNDED
BY WRIT MAIL THAT WAS NOT FORWARDED CORRECTLY.  WE HOPE TO AVOID A
RECURRENCE OF THIS SITUATION IN THE FUTURE.

Dragovich
Deps
Gamble
Inmate
Cert file

| | Signature of Grievance Officer | Date 04/20/00 |
|---|---|---|

000260.CAM.doc
grivform.wpd

Plaintiff's Exhibit

#007

Plantiff's Exhbit

\# 008

June 29, 2000

J. Cleary \#DF5779
Box 99901
Pittsburgh, Pa 15233

Kenneth Kyler; Superintendent
2500 Lisburn Rd, Box 200
Camphill, Pa 17001-0200

RE: Grievance \# CAM-0260-00.

Mr. Kyler,

     I would like to appeal this initial grievance decision to your office upon approval from the Facility Manager/Regional Director for an extention of time for appeal as specified in DCADM 804-4, effect. May 1, 1998.

     I have reason to believe that a violation of my 1st and 14th amendment rights were violated by your mail room supervisor, Mr. Howard Imschweiler, who intentionally, and maliciously withheld my legal mail for 23 months, and I lost a decision in my civil action as a result of Mr. Imschweiler withholding my legal mail. I had a substantial stake in the outcome of my civil action, which I've lost as a direct result of Mr. Imschweiler's actions.

(1)

June 29, 2000
Kenneth Kyler
Page 2

As a good faith effort to ~~_____~~ resolve this matter with out the federal courts, I request that I would recieve $10,000.00 as compensation for damages caused by my not recieving my legal mail for 23 months past the postmark.

Please render a fair and just decision in this manner.

Sincerly
X
John Cleary

cc: NTC\vcl.
Regional Director
file

Plaintiff's Exhibit

* OO8(a)

**COMMONWEALTH OF PENNSYLVANIA**
**State Correctional Institution at Camp Hill**

**DATE:**      July 5. 2000

**SUBJECT:**   Appeal to Superintendent
               Grievance No. CAM-0260-00

**TO:**        John Cleary
               DF-5779
               SCI-Pittsburgh

**FROM:**      Martin L. Dragovich
               Superintendent

Receipt of your Appeal to Superintendent of Grievance CAM-0260-00 is acknowledged.  In preparing this response, I have reviewed your original grievance, the grievance officer's response, and your appeal to this office.

Your request to have a grievance appeal extension granted in this matter is denied.  While DC-ACM 804 allows for an extension for good reason, you have provided none.  Your first level response from the Business Manager is dated April 20 and it is now July 5.  Absent any compelling reason to grant you an extension, your request must be denied.  Additionally, please note that I am not in a position to grant you the compensation you have requested in the amount of $10,000 for not receiving your mail in a timely fashion.

Based on the foregoing, your appeal is denied.

MLD/lp

cc:    Deputy Novotney
       Deputy Palakovich
       Mr. Livingood
       Mr. Gimble
       DC-15
       File – CAM-0260-00

Plaintiff's Exhibit
# 009

Plaintiff's Exhibit

#010

July 14, 2000

J. Cleary DF5779
Box 99901.
Pittsburgh, Pa 15233

Chief Hearing Examiner
1451 S. Market St.
Elizabethtown, Pa 17022

RE: DC ADM 804 # CAM-0260-00.

Dear Hearing Examiner,

This appeal is Filed in response to the superintendent of camphill. I requested an extention of time pursuant DC ADM 804-4 (May 1, 1998). As explained in my appeal to superintendent, I had believed that the camphill mailroom supervisor, Howard Imschweiler had violated my 1st & 14th amendment rights by withholding my mail for 23 months, and it took several weeks to schedule a library slot in accordance with the SCI Pittsburgh rules, and the reseach time necessary to identify a violation of my constitutional rights by Howard Imschweiler and whether or not to pursue this if indeed I had found a violation of my rights.

With all due respect to this office, as a good faith effort to resolve this matter without the federal courts, I request $10,000.⁰⁰ as Compensation for damages incurred, as noted in the record of this grievance.

Sincerly

cc: NTC/kd

Plaintiff's Exhibit

# 011

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**1451 N. MARKET STREET**
**ELIZABETHTOWN, PA 17022**

**OFFICE OF THE**
**CHIEF HEARING EXAMINER**

July 31, 2000

John Cleary, DF-5779
SCI Pittsburgh

Re:   DC-ADM 804 – Final Review
      Grievance No. CAM-0260-00

Dear Mr. Cleary:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, VI D, as amended effective November 1, 1997, I have reviewed the entire record of this grievance; including your initial grievance, the Grievance Officer's response, your appeal from initial review and the Superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I find the issues raised for final review have been addressed by the Grievance Coordinator and the Superintendent, and their responses are reasonable and appropriate.

I concur with the responses already provided at the institution level. Accordingly, your appeal to final review must be denied.

Sincerely,

Robert S. Bitner
Chief Hearing Examiner

RSB:bjk

pc:   Superintendent Johnson
      Superintendent Dragovich

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Cleary,
                    Plaintiff

        v.

Kenneth Kyler, et. al.,
                    Defendants

CIVIL ACTION NO. 1: CV-00-2125
(Judge Caldwell)

CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Plaintiff's Brief In objection to the Defendant's motion to dismiss, upon the person(s) and manner indicated below:

SERVICE BY FIRST CLASS U.S. MAIL
ADDRESSED AS FOLLOWS:

Howard Imschweiler
7043 Carlisle Pike; Box 327
Carlisle, Pa 17013

Raymond W. Dorian
Assistant Chief Counsel
55 Utley Drive
Camphill, Pa 17011
(717) 731-0444

John Cleary #DF5779
Po Box 99901
Pittsburgh, Pa 15233
Pro Se Prisoner

Dated: 4/20/01

April 20, 2001

John Cleary *DF
Po Box 99901
Pittsburgh, Pa 152

U.S. District Court
for the Middle District of Pa
Clerk of Courts
228 Walnut Street
Po Box 983
Harrisburg, Pa 17108

SUBJECT: Cleary v. Kyler, et.al, 1:CV-00-2125.

Dear Clerk of Courts,

Enclosed, Please find the plaintiff's
Brief in objection to the defendant's motion to dismiss, plaintiff
exhibits in support of the brief, proposed order, and certifica
of service to the defendants attorney, and defendant Imschweile

sincerly,

Enclosures

x

cc: File

John Cleary DF5779
Pro Se Prisoner