See Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,
    Plaintiff

vs.                 :     CIVIL ACTION NO. 1:CV-00-2125

KENNETH KYLER, et al.,
    Defendants

M E M O R A N D U M

FILED
AUG 31 2001
PER
HARRISBURG, PA.
DEPUTY CLERK

I.    Introduction

      John Cleary, currently incarcerated at SCI-Pittsburgh, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of the First, Fourth, Eighth, and Fourteenth Amendments. This action arises from the delay of the delivery of Plaintiff's mail, which ranges from eleven months up to twenty-three months. Plaintiff alleges that while he was incarcerated at SCI-Camp Hill, (October 10, 1997 through July 7, 1999), the mail room supervisor, Defendant Howard Imschweiler, with the acquiescence of SCI-Camp Hill Superintendent Kenneth Kyler and Unit Manager William Ward, deliberately withheld his mail.

      We are considering the Defendants' motions to dismiss Plaintiff's complaint for failure to state a claim upon which

AO 72A
(Rev 8/82)

relief may be granted.[1]  We will dismiss Plaintiff's claim of cruel and unusual punishment; however, we will deny defendants' motion in part because we find Plaintiff has sufficiently alleged a violation of his right of access to the courts and his right to freely exercise his religion.

II.  Background

Plaintiff alleges he did not receive five items of mail while incarcerated at SCI-Camp Hill, and that each piece of mail was postmarked within the time period of his incarceration there. Ultimately he did receive the mail, albeit months later, while incarcerated at SCI-Waymart.

The first item, correspondence from his attorney, contained a deposition transcript and a trial scheduling order. It was postmarked December 5, 1997, but Plaintiff did not receive it until November 12, 1999.  He alleges the Defendants violated his right of access to the courts, his rights to due process and equal protection of the laws, and the Fourth Amendment right to be free from unreasonable seizures.

---

[1] On May 29, 2001, Plaintiff filed a "motion in objection to defendant Imschweiler's motion to dismiss Plaintiff's complaint" which we construe as Plaintiff's brief in opposition to Defendant Imschweiler's motion to dismiss.  In this brief, Plaintiff asserts that defense counsel withdrew his representation of Defendant Imschweiler.  However, although defense counsel did state in a March 30, 2001, brief that he was going to withdraw his appearance as to Defendant Imschweiler, he never did so.  Defense counsel need not, therefore, file a re-entry of appearance as asserted by Plaintiff.

2

The second item, postmarked August 12, 1998, was a letter from a friend, which he received on November 15, 1999. Plaintiff contends that because he became stressed and depressed from not hearing from family or friends, the failure of Defendants to deliver this mail violated his Eighth Amendment right to be free from cruel and unusual punishment. In addition, he generally alleges the Defendants' actions regarding this letter violated the Fourth and Fourteenth Amendments.

The last of the items delayed were all religious materials. Religious books from the House of Yahweh were postmarked June 4, 1998, but Plaintiff did not receive the books until November 16, 1999. Religious books from Yahweh's New Covenant Assembly were postmarked November 30, 1998, but he also did not receive these books until November 16, 1999. Finally, religious books from the publisher Hizmet Religious Books, Inc. were postmarked November 20, 1998. Plaintiff did not receive them until November 23, 1999. Plaintiff contends the Defendants violated the First and Fourth Amendments by withholding and censoring these religious materials.

According to the Plaintiff, all the correspondence clearly identified his SCI-Camp Hill address and included his prison identification number, and the religious materials were stamped "religious material-direct from the publisher."

III. <u>Standard of Review</u>

In deciding the Defendants motion to dismiss, we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in the Plaintiff's favor. <u>See</u> <u>United States v. Occidental Chem. Corp.</u>, 200 F.3d 143, 147 (3d Cir. 1999).

IV. <u>Discussion</u>

At the outset, the Defendants argue that Plaintiff's complaint is time-barred because the alleged conduct of the Defendants, which prevented the delivery of Plaintiff's mail, occurred more than two years before the filing of his complaint. The duration of the statute of limitations period for section 1983 cases, governed by Pennsylvania's statute of limitations for personal injury actions, is two years. Pa. Stat. Ann. tit. 42, § 5524 (West 1981); <u>Wilson v. Garcia</u>, 471 U.S. 261, 276-280, 105 S. Ct. 1938, 1947-49, 85 L.Ed.2d 254, 266-69 (1985); <u>Bougher v. University of Pittsburgh</u>, 882 F.2d 74, 78 (3d Cir. 1989). However, a civil rights cause of action accrues under federal law when the plaintiff "knew or had reason to know of the injury that constitutes the basis of [the] action." <u>Sandutch v. Muroski</u>, 684 F.2d 252, 254 (3d Cir. 1982).

The Plaintiff alleges he became aware of the delayed mail when he received each item: November 12, 1999, (attorney's letter); November 15, 1999, (friend's letter); November 16, 1999,

4

(religious books); and November 23, 1999, (religious books). Because Plaintiff filed his complaint on December 7, 2000, Plaintiff's complaint is not time-barred by the two-year statute of limitations.  The Defendants may wish to revisit this issue in a summary judgment motion, but at this time, we have no reason to believe that Plaintiff knew or had reason to know of the delayed mail prior to the dates he received the mail.

Turning to the merits of the complaint, Plaintiff contends that the Defendants denied him right of access to the courts when they withheld legal mail from his attorney.  Plaintiff further maintains that because he did not have these materials, he was unprepared for trial and lost his case.

An inmate's constitutional right of access to the courts is well-established.  Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L.Ed.2d 72, 78 (1977).  It is "'meaningful access to the courts [that] is the touchstone'" of this right.  Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 218, 135 L.Ed.2d 606, 618 (1996) (citing Bounds, 430 U.S. at 823, 97 S. Ct. at 1495, 52 L.Ed.2d at 80).  Since Lewis, an inmate must prove an actual injury occurred by showing that the Defendants hindered his pursuit of a nonfrivolous legal claim.  Id. at 350-352, 116 S. Ct. at 2179, 2180-81, 135 L.Ed.2d at 617-18.  The Defendants contend that Plaintiff cannot show such an injury because he has not supplied sufficient facts to support his claim: when the civil trial took place, whether he met with his attorney

5

before the trial, if the court-appointed attorney represented him throughout the trial, whether other correspondence from the attorney was withheld, why he lost the trial, and whether the legal mail he was denied was connected to the loss.[2]

To the contrary, by alleging that the prison officials withheld his legal mail from his attorney, that Defendants' actions hindered Plaintiff's legal assistance from counsel, and that it resulted in Plaintiff's lack of preparation for his civil action, (number 96-4805), which he lost, Plaintiff has sufficiently alleged a violation of his right of access to the courts to withstand a motion to dismiss. Rogers v. Thomas, No. 94-4692, 1995 WL 70548, at *1 (E.D. Pa. Feb. 17, 1995) (citing Zilich v. Lucht, 981 F.2d 694, 695 (3d Cir. 1992)). The Federal Rules of Civil Procedure require a pleading sufficient to place the opposing party on notice of the proceedings brought against him, and Plaintiff need not provide factual details like those suggested by the Defendants at this stage of the proceedings. See Leatherman v. Tarrant County, 507 U.S. 163, 113 S. Ct. 1160, 122 L.Ed.2d 517 (1993) (section 1983 civil rights claims need not be

---

[2]The Defendants also argue that because Plaintiff had court-appointed counsel, he was not denied access to the courts. We are unwilling to conclude that because Plaintiff had counsel, his right of access to the courts was necessarily not violated. The Third Circuit has recognized that correspondence between an inmate and his counsel can implicate an inmate's right of access to the courts. See Bieregu v. Reno, 59 F.3d 1445, 1456 (3d Cir. 1995), overruled on other grounds by Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996).

6

pled with a heightened degree of pleading; the notice pleading of federal rules is sufficient); Weston v. Pennsylvania, 251 F.3d 420, 429-30 (3d Cir. 2001).

Plaintiff has also alleged that the Defendants violated his right to be free from cruel and unusual punishment by delaying, for fifteen months, his receipt of a friend's letter. Plaintiff contends that this delay caused him stress and contributed to his confinement in a state mental hospital for depression. (Pl's Compl. at ¶ 30). The Defendants contend that this isolated incident, the delay of one piece of mail, does not rise to the level of a constitutional violation.

Under the Eighth Amendment, it is only "'the unnecessary and wanton infliction of pain'" that constitutes cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L.Ed.2d 251, 259 (1976) (citations omitted). This Amendment is to be interpreted in accordance with "the evolving standards of decency that mark the progress of a maturing society." Trop v. Dulles, 356 U.S. 86, 101, 78 S. Ct. 590, 598, 2 L.Ed.2d 630, 642 (1958). But a judge, when confronted with an Eighth Amendment claim, may not impose his own "notions of enlightened policy." Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990).

Although the right to be free from cruel and unusual punishment while incarcerated has both an objective and a subjective component, Wilson v. Seiter, 501 U.S. 294, 298-99, 111

7

S. Ct. 2321, 2324, 115 L.Ed.2d 271, 278-79 (1991), only the objective component is at issue now, i.e., whether the wrongdoing is "'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L.Ed.2d 156, 166 (1992) (quoting Wilson, 501 U.S. at 303, 111 S. Ct. at 2326, 115 L.Ed.2d at 282). While that component is "contextual and [must be] responsive to 'contemporary standards of decency[,]'" Hudson, 503 U.S. at 8, 112 S. Ct. at 1000, 117 L.Ed.2d at 167 (quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L.Ed.2d 251, 259 (1976)), the overriding principle is that the wrongdoing be of a degree that is shocking to the conscience. For example, only "extreme deprivations . . . make out a conditions-of-confinement claim[,]" Hudson, 503 U.S. at 9, 112 S. Ct. at 1000, 117 L.Ed.2d at 167; see, e.g., Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2392, 69 L.Ed.2d 59 (1981), only serious medical needs make out a medical care claim, see Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d 251, 97 S. Ct. 285 (1976), and only the use of "malicious[] and sadistic[]" force makes out an excessive force claim under the Eighth Amendment. Hudson, 503 U.S. at 9, 112 S. Ct. at 1000, 117 L.Ed.2d at 167; see, e.g., Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986).

  Those courts finding violations of the right to be free from cruel and unusual punishment have been confronted with severe deprivations involving prolonged isolation, denial of medical care, overcrowded cells, and unsanitary prison conditions.

8

Tillery, 907 F.2d at 426. Accordingly, we agree with the Defendants that the delay here of one piece of mail, from a friend to an inmate, does not amount to the type of severe violation that is protected by the Eighth Amendment---the type which is "repugnant to the conscience of mankind." Estelle, 429 U.S. at 106, 97 S. Ct. at 292, 50 L.Ed.2d at 261; see Turner v. Smith, No. C-95-4651, 1997 WL 588937, at *7 (N.D. Cal. Sept. 8, 1997) (finding "[t]he emotional effects of delayed mail do not go beyond normal expectations for a person in plaintiff's situation and do not rise to the level of cruel and unusual punishment").

Finally, Plaintiff has alleged the Defendants violated his right to freely exercise his religion. It is undisputed that prisoners do not forfeit constitutional guarantees by reason of their conviction and confinement. Bell v. Wolfish, 441 U.S. 520, 545, 99 S. Ct. 1861, 1877, 60 L.Ed.2d 447, 472 (1979). Prisoners, as is well recognized, must be afforded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment. Cruz v. Beto, 405 U.S. 319, 322 n.2, 92 S. Ct. 1079, 1081 n.2, 31 L.Ed.2d 263, 268 n.2 (1972). However, imprisonment necessarily results in restrictions on some constitutional rights, including the First Amendment's right to the free exercise of religion. O'Lone v. Shabazz, 482 U.S. 342, 348-49, 107 S. Ct. 2400, 2404, 96 L.Ed.2d 282, 289-90 (1987).

As a threshold issue, to properly assert a claim that the Defendants violated Plaintiff's right to the free exercise of

9

his religion, Plaintiff must allege that his particular belief is (1) sincerely held, and (2) religious in nature. <u>Wisconsin v. Yoder</u>, 406 U.S. 205, 215-19, 92 S. Ct. 1526, 1533-35, 32 L.Ed.2d 15, 25-27 (1972); <u>Africa v. Pennsylvania</u>, 662 F.2d 1025, 1029-30 (3d Cir. 1981). The Defendants argue that because Plaintiff did not allege what his religion is or the contents of the religious books, he has not alleged that he holds a sincere, religious belief.

At this stage of the proceedings and in light of the prisoner's pro se status, we are unwilling to say that Plaintiff's allegations do not involve a sincerely held religious belief. He has asserted that without the books, he was "unable to study, and increase his knowledge and faith in his religious beliefs and practices." (Pl. Compl. at ¶¶ 39, 46). In addition, because of this assertion we also find no merit to the Defendants' claim that the complaint fails to allege how Plaintiff's religious beliefs were adversely affected.

We will issue an appropriate order.

*William W. Caldwell*
William W. Caldwell
United States District Judge

Date: August 31, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,
    Plaintiff

vs.                                  CIVIL ACTION NO. 1:CV-00-2125

KENNETH KYLER, et al.,
    Defendants

O R D E R

FILED
AUG 3 1 2001
PER _____
HARRISBURG, PA.   DEPUTY CLERK

AND NOW, this 31st day of August, 2001, upon consideration of the Defendants Kenneth Kyler and William S. Ward's motion to dismiss Plaintiff's complaint, filed March 30, 2001, (Doc. No. 14), and Defendant Howard Imschweiler's motion to dismiss Plaintiff's complaint, filed May 18, 2001, (Doc. No. 18), it is Ordered that

    1. Defendants' motions are granted in part and denied in part.

    2. The Defendants' motions to dismiss Plaintiff's claim that they violated the Eighth Amendment are granted.

    3. The Defendants' motions to dismiss Plaintiff's claims for violations of the Plaintiff's right of access to the courts and First Amendment right to the free exercise of religion are denied.

    4. Defendants shall respond to the remaining claims within fifteen (15) days of the date of this Order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 31, 2001

Re: 1:00-cv-02125    Cleary v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

    Raymond W. Dorian, Esq.
    Office of Chief Counsel
    PA Dept of Corrections
    55 Utley Drive
    Camp Hill, PA  17011

    John Cleary
    SCI Pittsburgh
    DF5779
    Box 999D1
    Pittsburgh, PA  15322

cc:
Judge                          (✓)          (✓) Pro Se Law Clerk
Magistrate Judge               ( )          ( ) INS
U.S. Marshal                   ( )          ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )    with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )    with Petition attached & mailed certified mail
                                      to: US Atty Gen   ( )    PA Atty Gen  ( )
                                          DA of County  ( )    Respondents  ( )
Bankruptcy Court               ( )
Other _____   ( )
                                                          MARY E. D'ANDREA, Clerk

DATE: __8/31/01__       BY: __[signature]__
                            Deputy Clerk