ORIGINAL

FILED
HARRISBURG, PA

SEP 13 2001

MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,

    Plaintiff,

v.

KENNETH KYLER, et al.,

    Defendants

Civil Action No. 1:CV-00-2125

(Judge Caldwell)

## DEFENDANTS' WAIVER OF REPLY TO PLAINTIFF'S COMPLAINT

Defendants, Kyler and Ward by and through their attorney, Raymond W. Dorian, Assistant Counsel, in accordance with the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997E, as amended by §803(d) of the Prison Litigation Reform Act of 1995, hereby waive their right to reply to Plaintiff's Complaint in this action which is brought pursuant to 42 U.S.C. § 1983.

This waiver shall not constitute an admission of the allegations contained in the Complaint. Furthermore, the Defendants assert all available affirmative defenses to the Complaint and specifically plead them as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendants acted at all times within the scope of their authority and without any actual or imputed knowledge that their actions violated any of the Plaintiff's constitutional rights and, therefore, are immune from suit.

### SECOND AFFIRMATIVE DEFENSE

The Defendants at all times were acting in reliance upon valid federal and state laws and regulations.

### THIRD AFFIRMATIVE DEFENSE

The Defendants assert each and every defense available to them under the existing Civil Rights Act.

### FOURTH AFFIRMATIVE DEFENSE

Whatever injuries or damages were sustained by the Plaintiff, as alleged, were caused in whole or in part or were contributed to by reasons of the negligent or intentional conduct of the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The acts or omissions of the Defendants which were alleged to constitute negligent or more culpable conduct were not substantial causes or factors in the injuries sustained by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Any and all damages or injuries sustained by Plaintiff resulted not from the conduct or acts of the Defendants, but from the conduct or acts of Plaintiff or other persons.

### SEVENTH AFFIRMATIVE DEFENSE

Whatever actions may have been taken by Defendants that caused loss to Plaintiff were justified.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendants' conduct was neither negligent nor more culpable.

### NINTH AFFIRMATIVE DEFENSE

Defendants lack personal or direct involvement in any of the alleged violations of Plaintiff's rights.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred by sovereign immunity and are not waived by any of the exceptions thereto. 1 Pa.C.S. §2310; 42 Pa.C.S. §8522.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that immunity has been waived with respect to any of Plaintiff's claims, answering Defendants assert all defenses to and limitations upon those claims which are or may hereafter be set forth at 42 Pa.C.S. §§8522 - 8528.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to official immunity from Plaintiff's claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto any actions or inactions of answering Defendants were done within the scope of their authority in good faith and without malice.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to objective good faith immunity from Plaintiff's claims and have not violated any rights and/or clearly established rights of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff consented to any actions or inactions committed by answering Defendants, and therefore, Plaintiff's claims are barred against answering Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any actions or inactions committed by answering Defendants were done pursuant to duties required by statute, regulation or directive and therefore answering Defendants are immune.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any actions or inactions committed by answering Defendants were matters within the discretion granted to answering Defendants by statute, regulation or directive and therefore answering Defendants are immune.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,

    Plaintiff,

v.

KENNETH KYLER, et al.,

    Defendants

Civil Action No. 1:CV-00-2125

(Judge Caldwell)

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Defendants' Waiver of Reply to Plaintiff's Complaint upon the person(s) and in the manner indicated below.

Service by first-class mail
addressed as follows:

John Cleary, DF-5779
SCI-Pittsburgh
P.O. Box 99901
Pittsburgh, PA 15233

*Janelle C. Stapleton*
Janelle C. Stapleton
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: September 13, 2001