# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY, Plaintiff

v.

KENNETH KYLER, ET. AL.,
Defendants

CIVIL ACTION #1:CV-00-2125
(Judge Caldwell)

FILED
HARRISBURG, PA
OCT 15 2001
MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

MOTION IN OBJECTION TO THE DEFENDANTS'
NOTICE OF ORAL DEPOSITION.

The Pro Se Plaintiff, John Cleary, hereby moves this Court, pursuant to Fed.R.Civ.P. 30(b), to deny the defendants' Notice of Oral Deposition at the State Corrections Institute at Camphill, PO Box 200, Camphill, Pa 17001-0200, in favor of a tele-conference deposition, as stipulated in Fed.R.Civ. P. 30(b), and for such other grounds as set forth in the supporting brief.

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,
   Plaintiff

v.

KENNETH KYLER, ET. AL,
   Defendants

CIVIL ACTION No: 1:CV-00-2125

(Judge Caldwell)

FILED
HARRISBURG

OCT 15 200[1]

MARY E. D'ANDREA
Per _____
   Deputy Cle[rk]

PLAINTIFF'S BRIEF IN SUPPORT OF A TELECONFRENCE DEPOSITION.

1. STATEMENT OF CASE:

This is a civil rights action, initiated by John Cleary, a pro se prisoner confined at State Corrections Institute a Pittsburgh, and formerly confined in the Special Management Unit (S.M.U.) at State Corrections Institute at Camphill. The defendants include former Superintendent Kenneth Kyler, former S.M.U. Unit Manager William S. Ward, now B-Unit Manager at Camphill, and former mail room supervisor at Camphill, Howard Imschweiler.

II. ARGUMENT

1. When evaluating the plaintiff's motion, the court must consider that if the plaintiff is transferred to Camphill, that he will be in the direct custody of the defendants, and subject to many harrassments, obstructions, and indignaties by the defendants' agents, allies, colleagues, or person(s) employed at Camphill who may have a vested intrest in the instant civil action.

2. The plaintiff, who was confined in the S.M.U. Camphill from October 10, 1997, until            , 1999, will be immediatly classified as a security risk, and immediat upon reception, be placed in the Restricted Housing Unit (R.H. and/or S.M.U.

3. The plaintiff will be in the custody of the friends, agents, allies, colleagues and person(s) with intrests in the instant civil action, in a secluded area of the priso

4. The plaintiff believes that if he is transferred to Camphill for this deposition, he will be intimidated, coerced, and/or assaulted, deprived of food/and or water, exercise, and the use of the law library, legal assistanc in the law library, and/or the use of U.S. mail while in the custody of the defendants.

5. The plaintiff believes that it will be detrimental to the presentation of his case if the court allows the defendants to transfer the plaintiff to their direct custody for any amount of time, because of the reasons stated in this brief.

6. Furthermore, the plaintiff is still under the care of several psychiatrists, and also a psychologist, because of trumas believed to be suffered while the plaintiff was confined at Camphill previously.

7. The plaintiff is not opposed to allowing the defendants to conduct a deposition in the presence of a court officer. The plaintiff offers, if this court wills, a teleconference deposition, as a viable alternative to the plaintiff's appearance at Camphill.

8. The plaintiff asserts that a telephonic deposit would be more economical to the defendants, considering the per hour cost of man power, overtime wages for the escorts, meals, gasoline, housing, etc. A telephonic deposit would also be more convienant to the plaintiff, as to scheduled appointments with psychiatrists, and psychologist, law library research time, access to research materials, photocopy etc.

2

9. As denoted in Fed. R. Civ. P. 30(b), a telephonic deposition in the presence of a court of is sufficient as a personal appearence.

10. Both Pittsburgh and Camphill have the ca to conduct a telephonic deposition.

11. If the court wills, a telephonic/tele conferen deposition is in the best intrests of all involved par

### III. CONCLUSION

For the above reasons, it is respectfu requested that the Court grant the plaintiffs motion in objection to the defendant's NOTICE OF ORAL DEPOS (and/or appearance at Camphill.)

Respectfully Submitted,

x_____

John Cleary #DF5779
Pro Se Prisoner.

Po Box 99901
Pittsburgh, Pa 15233.

Dated September 28, 2001.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,
    Plaintiff

v.

KENNETH KYLER, ET. AL,
    Defendants

: CIVIL ACTION No. 1:CV-00-2125
: (Judge Caldwell)

## CERTIFICATE OF SERVICE

I hereby certify that I am, this day depositing in the U.S. Mail, the foregoing Plaintiff's motion in objection to the defendant's NOTICE OF ORAL DEPOSITION AT S.C.I. CAMPHILL, upon the person and manner indicated below.

Service by first class mail addressed as follows:

U.S District Court
228 Walnut St
PO Box 983
Harrisburg, Pa 17108

Office of Chief Counsel
Raymond W. Dorian
Assistant Chief Counsel
55 Utley Drive
Camphill, Pa 17011

DATED: SEPTEMBER 28, 2001.

X _____
John Cleary # DF5779
PO BOX 99901
Pittsburgh, Pa 15233