JUDGE'S COPY

FILED
HARRISBURG
OCT 18 2001
MARY E. D'ANDREA, CL__
Per _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,         :
                     :
    Plaintiff,       :
                     :   Civil Action No. 1:CV-00-2125
v.                   :
                     :   (Judge Caldwell)
KENNETH KYLER, et al.,:
                     :
    Defendants      :

**DEFENDANTS' BRIEF IN OPPOSITION TO THE PLAINTIFF'S MOTION
IN OPPOSITION TO DEFENDANTS' NOTICE OF ORAL DEPOSITION**

I.   **STATEMENT OF THE CASE**

This civil rights action was initiated by John Cleary ("Plaintiff"), an inmate presently confined at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") and formerly confined in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). The Defendants include former Superintendent Kenneth Kyler, former SMU Unit Manager William S. Ward, and former Mailroom Supervisor Howard Imschweiler.

In his Complaint, the Plaintiff states that he was housed in the SMU at SCI-Camp Hill between October 10, 1997 and July 7, 1999. Complaint at ¶7. He was also confined for a brief period in the Mental Health Unit ("MHU") at SCI-Camp Hill between August 27, 1999 and August 30, 1999. Complaint at ¶¶8-9.

The Plaintiff contends that the Defendants wrongly withheld legal and other mail from him while he was confined in the SMU at SCI-Camp Hill. Specifically, he contends that he did not receive a piece of legal mail, which was postmarked December 5, 1997, until November 12, 1999. Complaint at ¶¶12-16. This delay caused him to be unprepared for the trial of the matter and he lost the case. Complaint at ¶18. He indicates he had court-appointed counsel for this civil case. Complaint at ¶13.

He further states that he did not receive a letter from a friend postmarked August 12, 1998, until November 15, 1999. Complaint at ¶¶23-27. In addition, Plaintiff contends that he did not receive religious books, which were postmarked June 4, 1998, until November 16, 1999. Complaint at ¶¶32-34. Finally, he contends that he did not receive additional religious books postmarked November 20, 1998, until November 23, 1999. Complaint at ¶¶41-43. The Plaintiff contends that the delayed delivery of the religious books resulted in a denial of his religious freedom. Complaint at ¶¶39, 47.

The Plaintiff initiated this action by filing his Complaint on December 7, 2000. The Defendants have waived service of summons. On August 31, 2001, the Court granted in part and denied in part the Defendants' Motion to Dismiss Plaintiff's Complaint. The Defendants have scheduled the Plaintiff's oral deposition for Tuesday, October 23, 2001. On October 15, 2001, the Plaintiff filed his motion in opposition to notice of deposition.

This brief is filed in opposition to the Plaintiff's motion in opposition to notice of deposition.

II.   **STATEMENT OF ISSUE PRESENTED**

IS THE PLAINTIFF'S MOTION NOW MOOT SINCE THE DEFENDANTS HAVE AGREED TO CONDUCT HIS DEPOSITION AT A FACILITY OTHER THAN SCI-CAMP HILL?

Suggested Answer:   YES.

III. **ARGUMENT**

THE PLAINTIFF'S MOTION IS NOW MOOT SINCE THE DEFENDANTS HAVE AGREED TO CONDUCT HIS DEPOSITION AT A FACILITY OTHER THAN SCI-CAMP HILL.

Plaintiff seeks to avoid his transportation to SCI-Camp Hill for his oral deposition. However, the Plaintiff's motion is now moot, since the Defendants have agreed to re-locate the Plaintiff's deposition to another location, namely, SCI-Coal Township.

In his motion in opposition to his scheduled deposition, the Plaintiff alleges that he will be in direct custody of the Defendants and subject to "many harassment, obstructions and indignities by the Defendants' agents, allies, colleagues, or person(s) employed at Camp Hill." See Plaintiff's brief at p. 2. However, the Plaintiff gives no factual basis for his concerns. It is noted that this is not a use of force claim, but rather a denial of access to the courts claim. Plaintiff is complaining about the fact that some of his mail was withheld for approximately two years in the mailroom at SCI-Camp Hill. He is not alleging that he has been harassed or assaulted by any officer at SCI-Camp Hill.

Plaintiff also alleges that he is under the care of several psychiatrists and a psychologist because of alleged trauma received at SCI-Camp Hill. As an accommodation to the Plaintiff, the Defendants have agreed to relocate his deposition to a facility other than SCI-Camp Hill. His records do not indicate that he was ever housed at SCI-Coal Township. Therefore, he cannot claim any psychic trauma associated with that facility. Accordingly, his motion is now moot and should be denied.

Further, the Plaintiff does not have the right to choose the manner of discovery pursued by the Defendants. Rule 30(a) permits each side to take the deposition of any person, including a party, upon oral examination without leave of court. In addition, each party is free to choose its

own method of discovery. *Molinaro v Lafayette Radio Electronics*, 62 F.R.D. 464, 465 (E.D. Pa. 1973). The Plaintiff should not be allowed to dictate to the Defendants how he should be deposed. In addition, the live face-to-face deposition is more valuable than a deposition via videoconferencing. The Defendants prefer a face-to-face live deposition of the Plaintiff. It is suggested that there is no substitute for face-to-face contact with the Plaintiff, especially where his credibility is at issue. Defense counsel wishes to evaluate the Plaintiff directly in order to ascertain the veracity of his answers, rather than "through a glass darkly."

Finally, Plaintiff claims that it is more economical for teleconferencing versus a live face-to-face deposition. However, he fails to mention the fact that if the defense is forced to go to SCI-Pittsburgh to depose him face-to-face, defense counsel will incur additional time and expenses associated with traveling over three and a half hours and 196 miles to SCI-Pittsburgh. Defense counsel should not be forced to incur those additional time and costs.

### IV. CONCLUSION

For all of the above reasons, it is respectfully requested that the Court deny Plaintiff's Motion in Opposition to Notice of Deposition.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: October 18, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,

    Plaintiff,

v.

KENNETH KYLER, et al.,

    Defendants

Civil Action No. 1:CV-00-2125

(Judge Caldwell)

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Defendants' Brief in Opposition to Plaintiff's Motion in Opposition to Defendants' Notice of Oral Deposition upon the person(s) and in the manner indicated below.

Service by first-class mail
addressed as follows:

John Cleary, DF-5779
SCI-Pittsburgh
P.O. Box 99901
Pittsburgh, PA 15233

Janelle C. Stapleton
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: October 18, 2001