ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(35)

3/5/02

John Cleary,
: Civil Action No. 00-2125
  Plaintiff
: (Judge Caldwell)

v.

Kenneth Kyler, et-al,
  Defendants

FILED
MAR 04 2002
PER _____
HARRISBURG, PA DEPUTY CLERK

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights case filed under 42 USC §1983 by a state prisoner and asserting claims for the unconstitutional denial of due process, and equal protection of the law, unconstitutional denial of access to the courts.

STATEMENT OF FACTS:

The complaint alleges that the plaintiff's legal, religious, and personal mail was withheld by the named defendants for up to two years. The plaintiff was denied due process, and equal protection of the law, and meaningful access to the courts. The plaintiff was denied correspondence, and meaningful contact with his family and friends by the defendants. The plaintiff was denied religious books and study materials to learn to correctly practice his religious beliefs by the defendants.

ARGUMENT

The court should appoint a volunteer attorney as counsel to the plaintiff. In deciding whether to appoint counsel for an indigent litigant, the court should consider the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of legal issues. ABDULLAH V. GUNTER, 949 F.2d 1032, 1035 (8th Cir. 1991)

In addition, courts have suggested that the most important factor is whether the case appears to have merit. COOPER V. SARGENT CO. INC, 877 F.2d 170, 173 (2nd Cir 1989)

1. FACTUAL COMPLEXITY. The plaintiff alleges that three administrators of Camphill State Prison conspired to deprive him of meaningful access to courts, and his due process rights to correctly and meaningfully practice and increase his knowledge in his religious beliefs. The sheer inaccessability of the defendants makes this a factually complex case. Also the plaintiff is a lay-person in Section 1983 jurisprudence, and this case requires an understanding of qualified and sovereign immunity and other sophisticated jurisdictional issues.

2. PLAINTIFF'S ABILITY TO INVESTIGATE. The plaintiff is now incarcerated at S.C.I. Pittsburgh, and the allegations took place at S.C.I. Camphill, and Defendant Kyler is now employed at S.C.I. Huntington, defendant Imschweiler is no longer employed by the Department of Corrections, and defendant Ward is still employed at S.C.I. Camphill.

For example, the plaintiff is unable to identify, locate and interview staff and compile evidence in support his claims. The plaintiff is in the same situation as a prisoner in segregated housing as a result of his inaccessability to the prison, and it's staff where the facts of this complaint arose.

A factor that several courts have cited in appointing counsel to indigents. TUCKER V. RANDALL, 948 F.2d 388, 391 (7th Cir 1991); GATSON V COUGHLIN, 679 F.Supp. 270, 273 (W.D.N.Y.) ARMSTRONG V. SNYDER, 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition this case will require considerable discovery, the identity of witnesses, and the disclosure of security sensitive information of the Department of Corrections, some of which the defendants attorney understandably already have denied to supply the pro se plaintiff but which would be accessable to counsel if this court decides to appoint a volunteer attorney for the plaintiff, See TUCKER V. DICKEY, 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985)

3.) CONFLICTING TESTIMONY. The plaintiffs account of the prison officials intentionally and maliciously withholding his legal, religious, and personal mail, and causing significant damages to the plaintiff thereby, whereas the defendant claim that the damages do not reach the level of a civil rights violation, and that any damage to the plaintiff was nominal, as referenced in the defendant's motion to dismiss the plaintiff's claim. The positions of the plaintiff and defendants are squarly in conflict. This aspect of the case will be a credibility contest between the plaintiff and the defendants, and such witnesses that can be located, especially adverse witnesses who are employees of the Department of Corrections.

The existence of these credibility issues supports the appointment of counsel. GATSON V. COUGHLIN, 679 F.Supp. 270-273 (W.D.N.Y. 1988)

4.) THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM. The plaintiff is an indigent prisoner with no prior legal training, litigation experience, nor work experience. The plaintiff has a limited knowledge of the law, and would not be able to successfully prosecute or litigate this case without the assistance of counsel. WHISENANT V. YUAM, 739 F.2d 160, 163 (4th Cir.

5.) LEGAL COMPLEXITY. The defendants, who are all supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skills than the plaintiff has or can develope. See ABDULLAH V. GUNTER, 949 F.2d 1032, 1036 (8th Cir. 1991)

6.) MERIT OF THE CASE. The plaintiff's allegations, if proved clearly would establish a constitutional violation. The denial of meaningful access to the courts caused by the defendant's withholding the plaintiff's legal mail for 23 months, clearly states a violation of the plaintiff's civil rights, and withholding the plaintiff's personal and religious mail for over one year also clearly states a violation of the plaintiff's civil rights, and on it's face then, this is a meritous case.

## CONCLUSION

For the foregoing reasons, the court should grant the plaintiff's motion and appoint a volunteer attorney to assist the plaintiff in this case.

BY:

_____

John Cleary DF5779
P.O. Box 99901
Pittsburgh, Pa 15233
Pro-se prisoner

DATE: FEBRUARY 27, 2002

(5)

## VERIFIED STATEMENT

I, John Cleary, hereby depose and say, that the foregoing facts and statements are true and correct to the best of my knowledge, information, and belief, under the penalty of perjury

BY:

x /s/

John Cleary DF5779
P.O. Box 99901
Pittsburgh, Pa 15233

Pro-se prisoner

DATE: Febuary 27, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,
    PLAINTIFF

v.

KENNETH KYLER, ET. AL.,
    DEFENDANTS

CIVIL ACTION NO: 1-CV-00-2125
(Judge Caldwell)

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing <u>Plaintiff's motion for appointment of counsel</u>, upon the person(s) and manner indicated below.

service by first class mail addressed as follows:

Office of Chief Counsel
c/o Mr. Raymond W. Dorian
55 Utley Drive
Camphill, Pa 17011

John Cleary #DF5779
Box 99901
Pittsburgh, Pa 15233

DATED: February 27, 2002

X <u>[signature]</u>
John Cleary #DF5779
Pro Se Prisoner