IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,                         :
                                     :
    Plaintiff                        :
                                     :       CIVIL NO. 1:CV-00-2125
vs.                                  :
                                     :       (Judge Caldwell)
KENNETH KYLER, et al.,               :
                                     :
    Defendants                       :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff John Cleary, an inmate currently confined at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his First Amendment right to the free exercise of religion and his right of access to the courts.[1] On March 4, 2002, Cleary filed a Motion for Appointment of Counsel and supporting brief. (Docs. 34-35). In the motion, Cleary requests counsel because he is indigent, his claims are arguably meritorious, his education is limited as he was involved

---

[1] By Order dated August 31, 2001, in resolving the defendants' motion to dismiss the complaint, we dismissed Cleary's Eighth Amendment claim against the defendants. See doc. 25.

in special education classes until age 15, and that his present location (SCI-Pittsburgh) makes it difficult to conduct discovery when named defendants are located at other facilities, and even no longer employed by the Pennsylvania Department of Corrections. (Id.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Cleary's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, at 155-56. Although Cleary states he has little education (special needs instruction until age 15), the pleadings submitted by plaintiff to date, demonstrate that he is capable of

-2-

presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Cleary will suffer substantial prejudice if he is forced to prosecute this case on his own. Furthermore, to the extent that Cleary states his ability to conduct discovery is hampered due to his present place of incarceration when compared to defendants' location, we are not persuaded. The lack of physical access to defendants or other SCI-Camp Hill staff (where the alleged events took place), is not unique to Cleary, thus in itself warranting the appointment of counsel. As Cleary has pointed out, he "is in the same situation as a prisoner in segregated housing." (Doc. 33, p. 3). Cleary has at his disposal various forms of discovery without the need for counsel. Cleary does not suggest that defense counsel, or defendants, have not cooperated with discovery requests (such as interrogatories, requests for production of documents, or requests for admissions) posed by him. Thus, we see no discovery impediment at this point in time that would require the appointment of

counsel.

It is also important to consider an applicant's effort made to retain an attorney before asking the court to appoint one. See Tabron, supra 6 F.3d at 157 n.5. Cleary does not indicate he attempted to obtain counsel on his own before asking the court to do it for him.

Therefore, Cleary's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the plaintiff.

AND NOW, this 13th day of March, 2002, it is ordered that Cleary's motion for appointment of counsel(doc. 34) is denied.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

-4-