ORIGINAL



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY, :
:
    Plaintiff, :
: Civil Action No. 1:CV-00-2125
v. :
: (Judge Caldwell)
KENNETH KYLER, et al., :
:
    Defendants :

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

**I.    STATEMENT OF THE CASE**

This civil rights action was initiated by John Cleary ("Plaintiff"), an inmate presently confined at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") and formerly confined in the Special Management Unit ("SMU") at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). The Defendants include former Superintendent Kenneth Kyler, former SMU Unit Manager William S. Ward, and former Mailroom Supervisor Howard Imschweiler.

In his Complaint, the Plaintiff states that he was housed in the SMU at SCI-Camp Hill between October 10, 1997 and July 7, 1999. Complaint at ¶7. He was also confined for a brief period in the Mental Health Unit ("MHU") at SCI-Camp Hill between August 27, 1999 and August 30, 1999. Complaint at ¶¶8-9.

The Plaintiff contends that the Defendants wrongly withheld legal and other mail from him while he was confined in the SMU at SCI-Camp Hill. Specifically, he contends that he did not receive a piece of legal mail, which was postmarked December 5, 1997, until November 12, 1999. Complaint at ¶¶12-16. This delay caused him to be unprepared for the trial of the matter and he lost the case. Complaint at ¶18. He indicates he had court-appointed counsel for this civil case. Complaint at ¶13.

He further states that he did not receive religious books, which were postmarked June 4, 1998, until November 16, 1999. Complaint at ¶¶32-34. Finally, he contends that he did not receive additional religious books postmarked November 20, 1998, until November 23, 1999. Complaint at ¶¶41-43. The Plaintiff contends that the delayed delivery of the religious books resulted in a denial of his religious freedom. Complaint at ¶¶39, 47.

The Plaintiff initiated this action by filing his Complaint on December 7, 2000. The Defendants have waived service of summons. On August 31, 2001, the Court granted in part and denied in part the Defendants' Motion to Dismiss

2

Plaintiff's Complaint. The Court dismissed the Plaintiff's Eighth Amendment claim relating to his personal correspondence, but refused to dismiss the Plaintiff's access to courts and religious freedom claims.

On March 14, 2002, the Defendants filed their motion for summary judgment and supporting brief and appendix. On or about March 27, 2002, the Plaintiff filed a motion in opposition to the Defendants' motion for summary judgment and supporting brief. The Defendants are construing the Plaintiff's brief as a brief in opposition to the Defendants' Motion for Summary Judgment.

The Defendants are filing this reply brief in support of their motion for summary judgment.

## II.    STATEMENT OF ISSUES PRESENTED

A.   HAS THE PLAINTIFF PROVEN THAT HE SUFFERED AN ACTUAL INJURY, WHICH IS AN ESSENTIAL ELEMENT OF A DENIAL OF ACCESS TO THE COURT CLAIM?

Suggested Answer: No.

B.   HAS THE PLAINTIFF ESTABLISHED THAT HE WAS UNABLE TO PRACTICE HIS RELIGIOUS FAITH WITHOUT THE RELIGIOUS TRACTS, THE DELIVERY OF WHICH WERE DELAYED FOR TWO YEARS?

Suggested Answer: No.

## III.   ARGUMENT

A.   PLAINTIFF HAS NOT PROVEN THAT HE SUFFERED AN ACTUAL INJURY, WHICH IS AN ESSENTIAL ELEMENT OF A DENIAL OF ACCESS TO THE COURT CLAIM.

In his brief in opposition to the Defendants' motion for summary judgment, the Plaintiff states that he has suffered a "substantial injury." He also states that he will be able to demonstrate a substantial injury at time of trial. Plaintiff's brief at p. 4. However, nothing in the Plaintiff's brief establishes any such injury to a non-frivolous legal claim and therefore, summary judgment is appropriate.

Plaintiff makes a number of conclusory statements in opposition to the Defendants' motion. He states that the two-year delay in receipt of his legal correspondence "caused the Plaintiff to be unprepared for trial in his civil case." However, he points to no facts which support that conclusion. On the contrary, his deposition testimony indicates otherwise. See Appendix to Motion for Summary Judgment.

He also states that the mishandling of his incoming mail was part of a "long history of deliberate and malicious indifference in the handling of inmate legal mail." Plaintiff's brief at p. 4. Again, this is a conclusory statement. The Plaintiff alleges no supporting facts. At this stage in the proceedings, he cannot rely upon conclusory statements, but is under an obligation to cite facts in support of his

4

case. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Even assuming that Defendant Imschweiler had mishandled legal mail in the past, that does not establish a denial of access to the courts claim. Plaintiff has yet to establish that he suffered an actual injury to a non-frivolous legal claim, as required under *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The facts indicate otherwise. The facts show that the Plaintiff was able to pursue his use of force case without the letter from his attorney. See Appendix to Motion for Summary Judgment. Therefore, this allegation by the Plaintiff is irrelevant.

Plaintiff also argues that Defendants Kyler and Ward dictated policy and procedure in the SMU, where the Plaintiff was housed. Again, there is no evidence to support these allegations. On the contrary, according to Defendant Kyler, he was totally unaware of the delay in delivery of inmate mail and had no involvement in it. See Declaration of Kyler. While Unit Manager Ward was aware of problems with the mail, he denies causing the problems. See Declaration of Ward. Therefore, summary judgment is appropriate in this case.

B.   THE PLAINTIFF HAS NOT ESTABLISHED THAT HE WAS UNABLE TO PRACTICE HIS RELIGIOUS FAITH WITHOUT THE RELIGIOUS TRACTS, THE DELIVERY OF WHICH WERE DELAYED FOR TWO YEARS.

5

Plaintiff also makes conclusions concerning his religious freedom claim. He says he suffered "substantial injury," which he will be able to demonstrate at time of trial. Plaintiff's brief at p. 6. He says that the Defendants withheld "essential religious information and study materials" from him. Plaintiff's brief at p. 6. Again, these are conclusions unsupported by the facts in this case.

According to the evidence, the Plaintiff continued to be able to practice his Nazarite faith despite the lack of the religious tracts that were delayed in the mail. Deposition testimony at 59. According to Plaintiff's own deposition testimony, he was still able to pray, read the Torah, and otherwise practice his Nazarite faith during the two-year delay. Deposition testimony at 55-56.

In the same vein, the Plaintiff states that the religious tracts contain "information previously unknown to the Plaintiff, but vital to" his faith. Plaintiff's brief at p. 6. He also says that because he was without these religious tracts, "his prayers went largely unanswered by his Creator." Plaintiff's brief at p. 6. The Court need not question the sincerity of these allegations by the Plaintiff in dismissing his claim. The fact is that he was able to practice his faith by alternate means, despite the lack of a couple of additional religious tracts. Deposition testimony at 59. He had other religious tracts in his possession, which he could read. Deposition testimony at 43. There is no evidence that his ability to exercise

6

his religious faith was compromised in any way by the Defendants. Therefore, summary judgment is appropriate.

## IV. CONCLUSION

For all of the above reasons, it is respectfully requested that the Court grant the Defendants' Motion for Summary Judgment.

          Respectfully submitted

          Office of General Counsel

          Raymond W. Dorian
          Assistant Counsel
          Attorney I.D. No. 48148
          Pennsylvania Department of Corrections
          Office of Chief Counsel
          55 Utley Drive
          Camp Hill, PA  17011
          (717) 731-0444

Dated:  April 5, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY,

        Plaintiff,

                                              Civil Action No. 1:CV-00-2125

v.

                                              (Judge Caldwell)

KENNETH KYLER, et al.,

        Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Defendants' Reply Brief in Support of Motion for Summary Judgment upon the person(s) and in the manner indicated below.

Service by first-class mail
addressed as follows:

John Cleary, DF-5779
SCI-Pittsburgh
P.O. Box 99901
Pittsburgh, PA 15233

*Janelle C. Stapleton*
Janelle C. Stapleton
Clerk Typist 2

Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: April 5, 2002