ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CLEARY

CIVIL ACTION NO.1:CV-00-2125

v.

JURY DEMAND
(JUDGE CALDWELL)

KENNETH KYLER, et al.,

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS

AND NOW, COMES THE PLAINTIFF, JOHN CLEARY, BY AND THROUGHT HIS ATTORNEY, MICHAEL A. COLEMAN, LEGAL CONSULTANT, AND PURSUANT TO LOCAL RULE 56.1, SUBMIT THE FOLLOWING STATEMENT OF MATERIAL FACTS AND ANSWER TO THE DEFENDANTS MATERIAL FACTS:

### ANSWERS TO DEFENDANTS STATEMENT OF MATERIAL FACTS:

1. AFFIRMED
2. AFFIRMED
3. AFFIRMED
4. AFFIRMED
5. AFFIRMED
6. DENIED
7. AFFIRMED
8. DENIED
9. AFFIRMED
10. DENIED
11. DENIED
12. DENIED
13. DENIED
14. AFFIRMED
15. AFFIRMED
16. AFFIRMED

FILED
HARRISBURG, PA
MAY 07 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

2

17. DENIED

18. AFFIRMED IN PART, DENIED IN PART.

## PLAINTIFFS STATEMENT OF MATERIAL FACTS

1. AT ALL TIMES MATERIAL HERETO, THE DEFENDANT'S WERE EMPLOYED BY THE DEPARTMENT OF CORRECTIONS, AN AGENCY OF THE STATE OF PENNSYLVANIA.

2. THE DEFENDANTS DID HOLD, READ, SCAN, AND/OR INTERFERE WITH THE UNITED STATES POSTAL MAIL.

3. AT ALL TIMES MATERIAL HERETO, THE DEFENDANTS WERE BOUND BY THEIR MANDATORY DUTIES OF THE UNITED STATES, COMMONWEALTH, AND THE D.O.C..

4. THE MATERIAL EFFECT OF THE MANDATORY DUTIES UPON THE DEFENDANT'S INCLUDE, CARE, CONTROL, AND CUSTODY.

5. AT ALL TIMES MATERIAL TO THIS ACTION THE DEFENDANT'S DID EFFECT THE DENIAL OF THE PLAINTIFFS GRIEVANCE.

6. ON AUGUST 1, 2001, UNITED STATES DISTRICT JUDGE, WILLIAM W. CALDWELL ISSUED AN MEMORANDUM OF LAW.

7. ON AUGUST 1, 2001, JUDGE CALDWELL ISSUED A COURT ORDER THAT DENIED THE MOTION TO DIMISS IN PART AND AFFIRMED THE COMPLAINT IN PART.

8. THE COURT ORDER AFFIRMED THE VIOLATINS OF THE PLAINTIFFS RIGHT OF ACCESS TO THE COURTS AND FIRST AMENDMENT RIGHT TO THE FREE EXERCISE OF RELIGION.

9. SINCE THE FILING OF THIS COMPLAINT THE PLAINTIFF HAS SUFFERED FROM THE CREATED AND INFESTED INTREST OF THIS ACTION AT THE HANDS OF THE EMPLOYEE'S OF THE D.O.C.. PLAINTIFF'S TRO/PI MOTION.

10. DEFENDANT'S KYLER AND WARD, WOULD LIKE FOR THE PLAINTIFF TO BE DISMISSED AGAINST THEIR PERSONS AND FOR THE CIVIL ACTION TO BE SUSTAINED AGAINST MR. IMSCHWEILER.

11. EVEN THOUGH THE MANDATORY DUTY OF DEFENDANT'S KYLER AND WARD WERE FORGONE TO THE RELIEF OF PLAINTIFF AND MR. IMSCHWEILER HAS BEEN FIRED AND ALL OF THE DEFENDANT'S HAVE EXECUTED THE DENIAL OF RELIEF, COVER UP, VIOLATION OF THE PLAINTIFF'S RIGHTS, THE DEFENDANT'S ARE STILL IN DENIAL OF THE VERY ACTS THAT WERE COMMITTED ON THEIR WATCH WHICH PROVES THE LIABILTY OF THE DEFENDANT'S.

12. IT IS THE DUTY OF THE UNIT MANAGER TO REVIEW THE GRIEVANCES OF THE PRISONERS. SEE UNIT MANAGER JOB DESCRIPTION

13. IT IS THE DUTY OF THE SUPERINTENDENT TO RE-REVIEW THE GRIEVANCES. SEE JOB DESCRIPTION.

14. IT IS THIS MATERIAL FACT THAT HAS ESTABLISHED THE PERSONAL INVOLVEMENT OF THE DEFENDANT'S THAT HAVE DEVELOPED THE DELIBERATE INDIFFERENCE OF THE PLAINTIFF'S COMPLAINT AND THE DENIAL OF THE QUALIFIED IMMUNITY OF THE INADEQUATE DUE PROCESS PROTECTIONS.

15. THE DEFENDANT'S, KYLER, WARD, AND IMSCHWEILER WERE OBLIGATED BY THE CONSTITUTION AS WELL AS PENNSYLVANIA LAW TO EVALUATE THE GRIEVANCE AND THE APPEAL, NOT MERELY TO SIGN THEM.

APRIL 25, 2002

/S/ _____
    JOHN CLEARY

/S/ _____
    MICHAEL A. C)LEMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

John Cleary, Plaintiff

v.

Kenneth Kyler, et. al.
Defendants

CIVIL ACTION NO. 1:CV-00-2125
(Judge Caldwell)

## certificate of service

I hereby certify that I am, this day deposing in the U.S. mail, the foregoing Plaintiff's statement of material facts upon the person and manner indicated below

service by first class mail addressed as follows

Office of Chief Counsel
Raymond W. Dorian
Assistant Counsel
55 Utley Drive
Camphill Pa 17011

Dated: April 25, 2002

x ✗
John Cleary #DF5779
Pro. Se Prisoner